## Borland *versus* Murphy.

92    91<br>f38SC  375

Under an order of sequestration certain rents were to be applied to a widow's dower. The payments made by the sequestrator were on account of the dower generally, without appropriation to any particular portion of it. It was claimed that the payments must be applied to that portion first due. *Held*, that the payments should be appropriated in the way most beneficial to the widow and to that portion of the dower least secured.

November 7th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1879, No. 287.

Replevin by Joseph H. Borland against Thomas J. Murphy, for a lot of shoes.

On the 21st of November 1874, Mrs. Margaret McClurg, widow of Alexander McClurg, deceased, filed a bill in equity in the Court of Common Pleas, against the children of her late husband (who were his devisees) and others. She alleged, inter alia, that the defendants, or some of them, held the legal title to certain real estate, of which the said Alexander was the equitable owner at his death; and that in his lifetime, real estate, the legal title to which was in some of the defendants, had been sold, in fraud of her dower rights, &c.

On the 12th of January 1876, by the agreement of the parties to said suit, a decree was made therein fixing the dower of Margaret McClurg, in the real estate of her deceased husband, at $3000 per annum; and $2500 of this annual sum was charged upon certain ground fronting on Fifth avenue, in the city of Pittsburgh, the same to be payable quarterly. Upon this Fifth avenue property, were erected separate business stands occupied by several tenants. Joseph H. Borland was one of these tenants, he occupying one store room, in which he carried on the boot and shoe business. Borland's tenancy commenced the latter part of June 1875, and terminated July 1877. The children and devisees of Alexander McClurg, employed one Marquis to take charge of the property; to lease it, collect the rents, pay taxes, &c. Afterwards, E. J. Allen succeeded Marquis in the agency. Borland rented originally from Marquis as the agent of the McClurgs. His annual rent was $1500. There was no express understanding as to when it was payable, but it was demanded and paid monthly. Borland paid his rent in full up to December 1st 1876, to Marquis and Allen, the agents of the McClurgs. On December 15th 1876, Mrs. McClurg issued a warrant of distress for arrears of her dower, amounting to $875, and a levy was made upon Borland's stock of goods. He issued a writ of replevin. The case terminated in a

[Borland *v.* Murphy.]

verdict and judgment against Borland, for the whole of the above sum with interest. That judgment having been affirmed by this court in the fall of 1877, Borland paid the same to Mrs. McClurg. This payment, with those he had made before the distress, paid his entire rent for the whole period of his tenancy. Immediately after the 1st of January 1877, Mrs. McClurg issued a second warrant of distress for her quarter's dower, which became due January 1st 1877, viz., $625, and again levied on Borland's goods. He issued a writ of replevin, out of which grew this suit. In May following, Mrs. McClurg issued a third warrant of distress for her quarter's dower, and a third time levied on Borland's goods. In November 1877, she presented a petition to the Court of Common Pleas, praying that a sequestrator might be appointed "to collect the rents of said Fifth avenue property, and after paying thereout the taxes, repairs and any other proper charges against said property, to apply the residue or so much of it as may be necessary to the payment of the arrears of dower due your petitioner, pursuant to the said decree of this court, and to the future quarterly instalments thereof, as they may become due."

The prayer was granted and the sequestrator appointed. At the trial before Bailey, J., it appeared that the sequestrator had paid Mrs. McClurg out of the rents of said property, between January 1878 and May 1879, the sum of $2862. These payments to Mrs. McClurg were general payments on account of her arrears of dower, no specific appropriation thereof having been made by the sequestrator or by Mrs. McClurg.

Borland contended, 1st. That the decree of the court in the matter of the sequestration, specifically appropriated the rents as collected by the sequestrator, and paid over to the widow the arrearages of dower due her at the date of the decree.

2d. But that if the decree did not *ipso facto* make such appropriation, the law made it in equitable relief of Borland, as the rents were paid over to Mrs. McClurg.

The following was the plaintiff's sixth point, which the court refused:

"That all moneys paid to the widow under the order of sequestration at No. 1217, December Term 1874, must be first applied to the arrearages of dower before the current quarterly instalments; and if the sequestrator has paid her since his appointment an amount sufficient to cover the instalment claimed in this action, and all arrears of dower down to the expiration of Borland's tenancy, it must be applied to this claim, and defendant is not entitled to a verdict."

The court instructed the jury to find in favor of defendant, Murphy, who was the bailiff of Mrs. McClurg, for one-quarter's rent, $375, instead of $625, the amount claimed by her. A verdict was found accordingly, when both plaintiff and defendant

took a writ of error. (See preceding case of Murphy v. Borland, *ante* p. 86.)

*M. W. Acheson* and *S. C. Schoyer*, for Borland.—The decree of the court in the equity proceedings amounted to a specific appropriation of the rents as they were received and paid over to the widow to her arrears of dower as the several instalments fell due. If the decree did not so appropriate them, then the law will do so in relief of Borland. ·Payments on account of rent, without any particular appropriation, are to be applied to the instalments which first accrued: Reed v. Ward, 10 Harris 144; Hollister v. Davis, 4 P. F. Smith 508; Berghaus v. Alter, 9 Watts 386; McKee's Ex'r v. Commonwealth, 2 Grant 23; Pierce v. Sweet, 9 Casey 151. The principle that when no appropriation is made by either party the law applies them to the debt which is least secured, is just as between the·parties themselves; but no case, we think, can be found where the law has made an appropriation to the debt least secured, where such appropriation was at one and the same time prejudicial to an innocent third person, and in violation of the other well-known rule that general payments in the absence of appropriation by the parties are to be applied to the oldest indebtedness.

Borland has a stronger equity than a surety, and in the application of payments the law favors a surety: 2 Pars. on Con. 633; Pierce v. Sweet, 9 Casey 151.

*J. M. Stoner* and *George P. Hamilton*, for Murphy.—As to the application the law makes in the absence of either party, the authorities are full to the point, that where there are two debts, one secured and the other unsecured, the law, in favor of the creditor, will apply general payments to the unsecured debt: Pierce v. Sweet, *supra;* Shenk's Appeal, 9 Casey 371; Johnson's Appeal, 1 Wright 268; Foster v. McGraw, 14 P. F. Smith 468; McQuaide et al. v. Stewart et al., 12 Wright 198; Smith v. Brooke, 13 Id. 147; County of Schuylkill v. Commonwealth, 12 Casey 524; McKelvey v. Jarvis, 6 Norris 414; Watt & Co. v. Hoch, 1 Casey 411.

Mr. Justice PAXSON delivered the opinion of the court, November 17th 1879.

The second assignment of error raises the only question in this case not ruled by Murphy v. Borland, just decided. By the plaintiff's sixth point, the learned judge was asked to instruct the jury: "That all moneys paid to the widow under order of sequestration at No. 1217 December Term 1874, must be first applied to the arrearages of dower before the current quarterly instalments; and if the sequestrator has paid her since his appointment an amount

[Borland *v.* Murphy.]

sufficient to cover the instalment claimed in this action, and all arrears of dower down to the expiration of Borland's tenancy, it must be applied to this claim, and defendant is not entitled to a verdict." The court declined so to charge.

The order of sequestration referred to directs " that said sequestrator do apply said rents, issues and profits: 1. To the payment of the taxes due or to become due on said premises; and 2. To the dower of said Margaret McClurg and any arrears thereof charged on said premises." It is not denied that the whole amount of rents received by the sequestrator and paid over to Mrs. McClurg does not equal the dower which has accrued since his appointment. The payments made by the sequestrator were on account of the dower generally, without appropriation to any particular portion. We find nothing in the order of sequestration requiring such appropriation.

The plaintiff, however, invokes the doctrine of appropriation of payments, and says that the payments made by the sequestrator must be applied to that portion of the dower first due, which includes the dower distrained for. This proposition means this, that neither party having made an appropriation, the law will apply the payments in such manner as to do the creditor the most harm; that is, to the payment of that portion of her dower for which she has security, leaving the unsecured portion unprotected. I do not understand the law to be so. On the contrary, the appropriation should be in the way most beneficial to the creditor and to the debt least secured: Pierce *v.* Sweet, 9 Casey 151; Shenk's Appeal, Id. 371; Johnson's Appeal, 1 Wright 268; Foster *v.* McGraw, 14 P. F. Smith 464; McQuaide *v.* Stewart, 12 Wright 195; Smith *v.* Brooke, 13 Id. 147; County of Schuylkill *v.* Commonwealth, 12 Casey 524; McKelvey *v.* Jarvis, 6 Norris 414. It was urged, however, that the case now under consideration did not come within the above well-settled rule, for the reason that the plaintiff is an innocent third party, if not a surety. We need not discuss the question how far the principle cited is applicable to the case of a surety, for the plaintiff does not occupy such a position. Nor is he entitled to any special consideration as an innocent party. He remained upon the premises after the first distress with knowledge that his goods thereon were liable for the dower.

Judgment affirmed.